IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2049-FL

| | | |
|---|---|---|
| ABDUL RAMON MCKOY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT JONES AND ROBERT LEWIS, | ) | |
| | ) | |
| Respondents. | ) | |

This matter comes before the court on the motion to dismiss pursuant to Rule 12(b)(6) (DE # 7) of respondents Robert Jones and Robert Lewis (collectively "respondents"). Also before the court are petitioner's motion for proof (DE # 10), motion to continue (DE # 11), and motion for writ of mandamus (DE # 13). These matters are ripe for adjudication. For the following reasons, the court grants respondent's motion, but denies petitioner's motions.

## STATEMENT OF CASE

On December 15, 2010, in the New Hanover County Superior Court, petitioner pleaded guilty to possession of a controlled substance on jail premises, felony possession of cocaine, possession with intent to sell or deliver counterfeit controlled substances, and sale or delivery of counterfeit controlled substances. Resp't's Ex. 1. Petitioner then was sentenced to consecutive sentences of fifteen (15) to eighteen (18) months imprisonment and nine to eleven (11) months imprisonment for the offenses. Id. Finally, pursuant to petitioner's probation revocation, he was sentenced to a term of six to eight months imprisonment for possession of heroin. Id.

On March 16, 2011, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his petition: (1) "unlawful detention and false imprisonment"; (2) "false arrest, false detainment and due process violation"; (3) "false prosecution and no jurisdiction"; and (4) "ineffective assistance of counsel and malice of prosecution."

On May 6, 2011, respondents filed a motion to dismiss, arguing that petitioner failed to exhaust his state court remedies prior to filing this action. Petitioner thereafter filed a motion for proof, motion to continue, and motion for writ of mandamus.

## DISCUSSION

A.     Motion to Dismiss

      1.     Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when

2

accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

    2.    Analysis

Respondent contends this matter should be dismissed because petitioner failed to exhaust his state court remedies. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254 (b)(1)(A). To satisfy the exhaustion requirement, a prisoner must fairly present his claims to the state court. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (internal quotations omitted). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth, 377 F.3d at 448. This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Although the exhaustion requirement is not jurisdictional, the requirement is strictly enforced. Hendrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Granberry v. Greer, 481 U.S. 129, 131 (1987); Rose v. Lundy, 455 U.S. 509, 522 (1982)). By giving state courts the first opportunity to review a claim, the exhaustion requirement "prevent[s] unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." Picard v. Conner, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). In this case, respondents have not waived the exhaustion requirement. See 28 U.S.C. §2254(b)(3).

Here, petitioner did not appeal his conviction, nor did he move for any other type of relief

in connection with his state court conviction. Accordingly, he failed to fairly present in state court the grounds for which he now seeks federal relief. Because petitioner has not exhausted his state court remedies, this action is DISMISSED without prejudice to allow him the opportunity to exhaust such remedies.

B.    Motion to Continue or Stay Proceedings

Petitioner requests that this court continue or stay this action until he has exhausted his state court remedies. The United States Supreme Court approved a stay and abeyance procedure for unexhausted § 2254 claims under certain circumstances. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Rhines v. Weber, 544 U.S. 269, 275, 278 (2005). In particular, the Court in Pace recommended the procedure where an untimely application for state court post-conviction relief would not toll the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one year period of limitation. Pace, 544 U.S. at 416. The circumstances of this case, however, are different in that petitioner pleaded guilty on December 15, 2010, so the AEDPA one year period of limitation has not expired. Because the statutory period has not expired, a properly filed state post-conviction motion would operate to toll AEDPA's statute of limitation. See 28 U.S.C. § 2244(d)(2). Based upon the foregoing, it is not necessary to stay the action pending the resolution of petitioner's state court exhaustion process, and petitioner's motion is DENIED.

C.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate

4

of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

5

**CONCLUSION**

For the foregoing reasons, respondents' motion to dismiss (DE # 7) is GRANTED and petitioner's claim is dismissed without prejudice for failure to exhaust his state court remedies. Petitioner's motion to continue (DE # 11) and the Certificate of Appealability are DENIED. The court further finds that petitioner's motion for proof (DE # 10) is nonsensical and also is DENIED. Finally, petitioner's motion for writ of mandamus (DE # 13) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of October, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

6